**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUDITH GODINEZ, on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>ALERE INC., NAMAL NAWANA, JAMES F. HINRICHS, and CARLA R. FLAKNE<br><br>             Defendants. | Civil Action No. 1:16-cv-10766-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
TO AMEND AND SUPPLEMENT THE CONSOLIDATED CLASS ACTION
COMPLAINT AND TO MODIFY THE BRIEFING SCHEDULE**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

RELEVANT FACTS AND PROCEDURAL HISTORY ............................................................ 2

ARGUMENT............................................................................................................................ 5

    I.    Leave to Amend the Consolidated Complaint Should be Granted .................................... 5

    II.   Leave to Supplement the Consolidated Complaint Should Also be Granted ..................... 6

    III.  The Parties Request a Status Conference in Order to Consider Entry of a Modified
          Schedule With Respect to the Pending Motion to Dismiss ................................................ 8

CONCLUSION....................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alharbi v. Beck*,
    103 F. Supp. 3d 166 (D. Mass. 2015) ....................................................................... 4

*Brown v. Citimortgage, Inc.*,
    2016 U.S. Dist. LEXIS 145547 (D. Mass. Oct. 19, 2016) ........................................ 4

*ConnectU LLC v. Zuckerberg*,
    522 F.3d 82 (1st Cir. 2008) ................................................................................... 6, 7

*Edlow v. RBW, LLC¸*
    688 F.3d 26 (1st Cir. 2012) ...................................................................................... 4

*Foman v. Davis*,
    371 U.S. 178 (1962) .......................................................................................... 5, 6, 7

*Hertz Corp. v. Enterprise Rent-A-Car Co.*,
    557 F. Supp. 2d 185 (D. Mass. 2008) .................................................................. 6, 7

*Klunder v. Brown Univ.*,
    778 F.3d 24 (1st Cir. 2015) ...................................................................................... 5

*LaSalvia v. United Dairyman of Arizona*,
    804 F.2d 1113 (9th Cir. 1986) ................................................................................. 6

*Music Deli & Groceries, Inc. v. IRS, Dist. of Manhattan*,
    781 F. Supp. 992 (S.D.N.Y. 1991) .......................................................................... 7

*Palmer v. Champion Mortg.*,
    465 F.3d 24 (1st Cir. 2006) ...................................................................................... 4

*Prescott v. Prudential Ins. Co. of Am.*,
    2011 U.S. Dist. LEXIS 98553 (D. Me. Aug. 31, 2011) ........................................... 7

*Quaratino v. Tiffany & Co.*,
    71 F.3d 58 (2d Cir. 1995) ..................................................................................... 6, 7

*Resolution Trust Corp. v. Gold*,
    30 F.3d 251 (1st Cir. 1994) ...................................................................................... 7

*Shedlock v. Spencer*,
    2013 U.S. Dist. LEXIS 132702 (D. Mass. June 25, 2013) .................................... 6, 7

*United States ex rel. D'Agostino v. Ev3, Inc.*,
    802 F.3d 188 (1st Cir. 2015) .................................................................................... 4

*United States ex rel. Gadbois v. PharMerica Corp.*,
  809 F.3d 1 (1st Cir. 2015) ................................................................................................. 6

*United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*,
  2013 U.S. Dist. LEXIS 91137  (D. Mass. June 27, 2013) ......................................................... 7

**Rules**

Fed. R. Civ. P. 15(a) ..................................................................................................................... 4

Fed. R. Civ. P. 15(d) ..................................................................................................................... 6

**Treatises**

3D Moore's Federal Practice, §15.30 & n.13 ............................................................................... 7

6A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d, §1504 (1990 ed.) ........... 6

Lead Plaintiffs the Glazer Funds and plaintiffs OFI Asset Management and NECA-IBEW

Pension Trust Fund (the Decatur Plan) (together with the Glazer Funds, "Plaintiffs"), by and

through their attorneys, respectfully submit this memorandum of law in support of their motion

for:  (1) leave to file the [Proposed] Supplemental and Amended Consolidated Class Action

Complaint (the "Proposed Complaint"), a copy of which is attached to the accompanying

Declaration of Jeffrey S. Abraham ("Abraham Decl.") as Exhibit A; and (2) modification of the

briefing schedule with respect to Defendants' motion to dismiss.

## PRELIMINARY STATEMENT

Since the time that Plaintiffs filed their Consolidated Class Action Complaint for

Violations of the Federal Securities Laws (the "Consolidated Complaint") against Alere Inc.

("Alere" or the "Company") and certain current and former senior executives of the Company on

September 23, 2016, several material developments have occurred that are highly relevant to

Plaintiffs' allegations here.  Plaintiffs' claims concern, among other things, the Defendants'

material misstatements and omissions concerning material weaknesses in Alere's internal

controls, and these new developments further support those claims.  Specifically, Plaintiffs seek

leave to amend and supplement the Consolidated Complaint in order to include allegations:  (i)

from the December 7, 2016 lawsuit that Abbott Laboratories ("Abbott") filed against Alere

seeking to terminate Abbott's proposed $5.8 billion acquisition of Alere because of Alere's

"systemic company-wide failures of internal controls"; (ii) from the November 3, 2016 lawsuit

that Abbott filed against Alere, which alleged that Alere breached its merger agreement with

Abbott based upon, among other things, an alleged lack of transparency in Alere's operations by

the Company refusing to produce documents to Abbott that concern subject matters that are

relevant to Abbott's proposed acquisition of Alere and Plaintiffs' claims alleged in the Consolidated Complaint; and (iii) that elaborate upon and clarify certain allegations previously made in the Consolidated Complaint.  Leave to amend and supplement is appropriate here because the new facts overlap with, and arise from, the same set of operative facts as currently alleged in Plaintiffs' Consolidated Complaint, including Alere's now-admitted material weaknesses in its internal controls.

In addition, following Alere's November 4, 2016 disclosure of additional internal control failures – which resulted in Medicare terminating Alere's subsidiary, Arriva Medical, LLC ("Arriva Medical") from enrollment in the Medicare program – an investor filed another securities fraud class action in the U.S. District Court for the Southern District of Florida (the "Florida Action").  The Florida Action alleges claims with a class period that partially overlaps with the Class Period in both the Consolidated Complaint and the Proposed Complaint and names defendants who partially overlap with the Defendants named in the present action.  If left unchecked, the Florida Action would lead to the procedural confusion of two separate class actions that arise out of similar sets of facts asserting claims for purchasers of the same securities.  Defendants also recognize this potentially very serious problem and have represented to Plaintiffs that they intend to file a motion to transfer the Florida Action to this Court pursuant to 28 U.S.C. §1404.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On April 21, 2016, investors filed the first complaint in this action asserting claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against Alere and certain of its current and former

2

officers and directors. *See* ECF No. 1. On July 11, 2016, the Court appointed the Glazer Funds

as Lead Plaintiffs and its counsel, Abraham, Fruchter & Twersky, LLP, as Lead Counsel. ECF

No. 54. On September 23, 2016, Plaintiffs filed the Consolidated Complaint, which was the first

complaint in which Plaintiffs acted as named plaintiffs in this action. The Consolidated

Complaint asserts claims on behalf of a class consisting of purchasers of Alere securities arising

from, among other things, alleged material misrepresentations and omissions with respect to

Alere's internal controls, financial results and purported compliance with laws and regulations

governing its operations. *See, e.g.*, Consolidated Complaint (ECF No. 64) ¶¶ 2-7.

As Plaintiffs allege in the Consolidated Complaint, on February 1, 2016, Abbott

announced that it planned to acquire Alere for approximately $5.8 billion. Shortly thereafter,

Alere disclosed material weaknesses in its internal controls, the material delay in filing its Form

10-K for 2015, a restatement of its prior financial results and the recall of one of its key products.

In addition, through 2016, Alere announced that numerous government regulators were

investigating Alere for various forms of misconduct, including as it related to Medicare billing.

These disclosures caused the price of Alere stock to fall dramatically.

After Plaintiffs filed the Consolidated Complaint in September 2016, additional material

developments were disclosed to the market, including:

- the November 3, 2016 disclosure (after the close of the markets) that Abbott was pursuing litigation against Alere for Alere's failure to provide to Abbott all of the underlying documents it requested of Alere in connection with the Merger; and

- the November 4, 2016 disclosure that Arriva Medical had received a notice from the Centers for Medicare and Medicaid Services ("CMS") on October 5, 2016 revoking Arriva Medical's Medicare enrollment, because CMS had determined that Arriva Medical had submitted claims for reimbursement for 211 deceased patients.

On November 8, 2016, pursuant to a schedule previously entered by the Court (ECF No.

3

62), Defendants filed a motion to dismiss the Consolidated Complaint.  ECF No. 68.  Plaintiffs'

response to the motion to dismiss is currently due on December 23, 2016.  *See* ECF No. 62 at 2.

On November 14, 2016, Halal Khalid filed the Florida Action.  *See* Abraham Decl. Ex.

C.  The Florida Action alleges claims for a class period of February 29, 2012 through November

4, 2016, which partially overlaps with the class period alleged in the Proposed Complaint of May

28, 2015 through December 7, 2016.[1]  The claims in the Florida Action arise out of one aspect of

Alere's internal control failures, concerning only the failure of Arriva Medical to comply with

regulations governing the submission of claims.

Thereafter, an additional material development relevant to Plaintiffs' claims occurred.

On December 7, 2016, Abbott filed a complaint in the Delaware Chancery Court asking the court

to terminate its $5.8 billion buyout of Alere.  Abbott announced that the series of damaging

disclosures made by Defendants resulted in a "substantial loss" in Alere's value.  *See* Abraham

Decl. Ex. D.  Among the series of damaging disclosures Abbott cited were:  (1) multiple

government subpoenas served on Alere in 2016, including two criminal subpoenas; (2) the

permanent recall of Alere's important product platform called INRatio; (3) the five-month delay

in Alere's filing of its 2015 Form 10-K, coupled with admissions of internal control failures

requiring a restatement of its 2013-2015 financials; and (4) the revocation of Arriva Medical's

Medicare billing privileges.  *See* Abraham Decl. Ex. D.  Abbott also described Alere's failure,

since Abbott initially announced the planned merger, to provide Abbott with documents and

information about Alere's business.  As Abbott has stated, "Alere continually act[s] like a

company with something to hide."  Moreover, Abbott has stated that "[t]his damage to Alere's

business can only be the result of a systemic failure of internal controls, which combined with

---

[1] The class period alleged in the Consolidated Complaint is May 28, 2015 through July 27, 2016.

the lack of transparency led [Abbott] to filing this complaint."  *See* Abraham Decl. Ex. D.

## ARGUMENT

**I.    Leave to Amend the Consolidated Complaint Should be Granted**

The Federal Rules of Civil Procedure permit a party to amend its pleadings with the "court's leave."  *See* Fed. R. Civ. P. 15(a).  In the First Circuit, leave to amend should be freely given when justice so requires.  *See, e.g.*, *Edlow v. RBW, LLC¸* 688 F.3d 26, 39 (1st Cir. 2012) (citing Fed. R. Civ. P.  15(a)); *Alharbi v. Beck*, 103 F. Supp. 3d 166, 168 (D. Mass. 2015) (Saris, J.) (Rule 15(a) reflects a liberal amendment policy).  Undue delay, bad faith, futility and the absence of due diligence on the movants' part are grounds for denial of a motion for leave to amend.  *Palmer v. Champion Mortg*., 465 F.3d 24, 30 (1st Cir. 2006).

Rule 15(a)'s "leave freely given" standard typically applies even where a party requests leave to amend after a motion to dismiss has been fully briefed.  *United States ex rel. D'Agostino v. Ev3, Inc.*, 802 F.3d 188, 195 (1st Cir. 2015); *see also Brown v. Citimortgage, Inc.*, 2016 U.S. Dist. LEXIS 145547,  at *2-3 (D. Mass. Oct. 19, 2016) (granting plaintiffs leave to amend after defendants' fully briefed motion to dismiss was filed).  Indeed, the First Circuit has previously held that leave to amend is appropriate where the parties had not yet completed discovery.  *See Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the motion to dismiss has not yet been fully briefed.  In addition, the facts added by the Proposed Complaint relate directly to, and arise from, matters alleged in the Consolidated Complaint.  Abbott's claim that Alere breached the Merger Agreement arises from many of the very same allegations as in Plaintiffs' Consolidated Complaint.  Alere's continued lack of

adequate internal controls also resulted in Arriva Medical's failure to act in accordance with governing legal requirements, which are similar to allegations concerning other operations of Alere already alleged in the Consolidated Complaint.[2]

Moreover, Defendants will not suffer any undue delay or prejudice as a result of the filing of the Proposed Complaint. This is particularly true because prior to filing this motion, Plaintiffs conferred with Defendants and have reached an agreement, subject to the Court's approval, that Defendants do not oppose the present motion to amend the Complaint. The parties have also reached agreement with respect to how to modify the current schedule for briefing on Defendants' pending motion to dismiss, which is discussed below. *See* Point III, *infra*.

Moreover, there is no undue delay, bad faith or dilatory motive behind Plaintiffs' proposed amendment. Plaintiffs have acted diligently to incorporate the very recent new developments into their Proposed Complaint. In this rapidly-shifting litigation landscape, Plaintiffs seek to ensure that the Court is apprised of all of these significant new developments, and that they are properly incorporated into Plaintiffs' pleading. The new allegations are not futile, but instead set forth important disclosures of adverse developments at Alere that have led to sharp declines in Alere's stock price and Abbott's suit to terminate the contemplated merger. These new allegations are highly relevant to, among other things, the issues of materiality, falsity and scienter.

## II.   Leave to Supplement the Consolidated Complaint Should Also be Granted

Rule 15(d) of the Federal Rules of Civil Procedure recognizes that events relevant to a claim may occur after the pleading is filed. Therefore, "upon motion of a party" and "upon such

---

[2] A redlined version that shows the changes from the Consolidated Complaint is attached as Exhibit B to the Abraham Decl.

terms as are just" a supplemental complaint may be filed "setting forth the transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P, 15(d).  The purpose of the rule "is to promote as complete an adjudication of the dispute between the parties as possible."  6A Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d, §1504 at 177 (1990 ed.) (citing *LaSalvia v. United Dairyman of Arizona*, 804 F.2d 1113 (9th Cir. 1986), *cert. denied*, 482 U.S. 928 (1987)); *see also Shedlock v. Spencer*, 2013 U.S. Dist. LEXIS 132702, at *3-4 (D. Mass. June 25, 2013) (the purpose of Rule 15(d) is to "make pleadings a means to achieve an orderly and fair administration of justice").

Supplemental pleadings are limited to subsequent events related to matters raised in the pleading sought to be supplemented.  *See, e.g.*, *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) (a supplemental complaint typically allows the pleader to "set [] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."); *Hertz Corp. v. Enter. Rent-A-Car Co.*, 557 F. Supp. 2d 185, 192 (D. Mass. 2008).  Those supplemental facts do not have to arise out of the same transaction or occurrence but "need only bear ***some relationship*** to the subject of the original pleading."  3D Moore's Federal Practice §15.30 at 15-108 (emphasis added) (citing *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)).   New claims may also be added where there is some relationship between the original and newly asserted claim.  *See Shedlock v. Spencer*, 2013 U.S. Dist. LEXIS 132702, at *4 (D. Mass. June 25, 2013).

Leave to supplement should be freely granted.  *See, e.g.*, *Quaratino*, 71 F.3d at 66 (citing *Foman v. Davis*, 371 U.S. 178 (1982)); *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015); *Hertz Corp.*, 557 F. Supp. 2d 185, 192-93 (citing *Resolution Trust*

7

*Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994)).  Indeed, the rules of supplementation are so broadly interpreted that a complaint may be supplemented even if the original pleading does not state a claim for relief.  *See* 3D Moore's Federal Practice, §15.30 & n.13 (citing *Music Deli & Groceries, Inc. v. IRS, Dist. of Manhattan*, 781 F. Supp. 992, 996-97 (S.D.N.Y. 1991)); *see also United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, 2013 U.S. Dist. LEXIS 91137, at *22 n.1 (D. Mass. June 27, 2013).  The only reasons for denying leave to supplement a complaint are where the party opposing such supplementation demonstrates undue delay, bad faith, dilatory tactics, undue prejudice or futility.  *See, e.g.*, *Quaratino*, 71 F.3d at 66 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Shedlock*, 2013 U.S. Dist. LEXIS 132702, at *4 (D. Mass. June 25, 2013); *Prescott v. Prudential Ins. Co. of Am.*, 2011 U.S. Dist. LEXIS 98553, at *4 (D. Me. Aug. 31, 2011).  As discussed above, none of those reasons is present here, particularly given Defendants' consent to Plaintiffs' filing of the Proposed Complaint.

In any event, the allegations relating to Abbott's lawsuits against Alere, Abbott's refusal to proceed voluntarily with its planned merger with Alere and that Alere's internal control problems resulted in the termination of Arriva Medical's Medicare eligibility occurred after the time Plaintiffs filed the Consolidated Complaint, making them the proper subject of a supplemental complaint.  *See also ConnectU LLC*, 522 F.3d at 90 (the difference between an amendment and supplementation is modest); *Hertz Corp.*, 557 F. Supp. 2d at 191.

## III.   The Parties Request a Status Conference in Order to Consider Entry of a Modified Schedule With Respect to the Pending Motion to Dismiss

The recently-disclosed facts set forth above, including those related to Abbott's suits against Alere to avoid proceeding with its previously announced acquisition of Alere, will necessarily require additional briefing relating to Defendants' pending motion to dismiss.

Defendants have reviewed the allegations in the Proposed Complaint and have advised us that they believe that the Proposed Complaint is properly subject to a motion to dismiss. The parties have discussed possible alternatives and agree that Defendants should file an entirely new brief in support of their motion to dismiss. In light of the addition of allegations in the Proposed Complaint concerning subsequent events in the last 6 months, including the events concerning Arriva Medical and the new lawsuits filed by Abbott, and the extension of the class period by an additional 6 months, Defendants have advised us that they need 10 more pages above the 30-page brief they previously filed to address the new allegations in the Proposed Complaint. Plaintiffs consent to this page length.

In addition, given Plaintiffs' proposed new complaint and the need for Defendants to file a new memorandum in support of their motion to dismiss, the parties believe that modification of the existing briefing schedule is appropriate. Although the Court may wish to enter a schedule at a status conference, the parties propose the following revised schedule[3]:

| **Pleading** | **Current Due Date** | **Revised Due Date** |
|---|---|---|
| Defendants' motion to dismiss | November 8, 2016 | February 6, 2017 |
| Plaintiffs' opposition | December 23, 2016 | March 23, 2017 |
| Defendants' reply brief | January 30, 2017 | May 1, 2017[4] |
| Plaintiff's sur-reply brief | February 28, 2017 | May 29, 2017 |
| Oral argument date | April 5, 2017 | [To be determined] |

---

[3] The proposed revised schedule assumes that the Proposed Complaint will be filed on or about December 23, 2016.

[4] The extra time allotted for Defendants' reply brief reflects lead Defendants' counsel's long-scheduled international travel plans and his team members' religious observances.

## CONCLUSION

For all the reasons set forth above, Plaintiffs respectfully request leave to file the

Proposed Complaint and for the Court to either:  (i) enter the proposed revised schedule, or

alternatively (ii) schedule a status conference to implement a new briefing schedule.

Dated: December 16, 2016                Respectfully submitted,

                                        */s/ Adam M. Stewart*_____
                                        Edward F. Haber (BBO#215620)
                                        ehaber@shulaw.com
                                        Adam M. Stewart (BBO#661090)
                                        astewart@shulaw.com
                                        **SHAPIRO HABER & URMY LLP**
                                        Seaport East
                                        Two Seaport Lane
                                        Boston, MA  02210
                                        (617) 439-3939

                                        *Plaintiffs' Liaison Counsel*

                                        **ABRAHAM, FRUCHTER & TWERSKY, LLP**
                                        Jeffrey S. Abraham (admitted *pro hac vice*)
                                        jabraham@aftlaw.com
                                        Lawrence D. Levit (admitted *pro hac vice*)
                                        llevit@aftlaw.com
                                        One Penn Plaza, Suite 2805
                                        New York, New York 10119
                                        (212) 279-5050
                                        (212) 279-3655 (fax)

                                        *Plaintiffs' Lead Counsel*

                                        **BERNSTEIN LITOWITZ BERGER &
                                        GROSSMANN LLP**
                                        Gerald H. Silk
                                        Adam H. Wierzbowski
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Tel.:  (212) 554-1400
                                        Fax:  (212) 554-1444

                                        *Member of Plaintiffs' Executive Committee*

10

**ENTWISTLE & CAPPUCCI LLP**
Vincent R. Cappucci
Robert N. Cappucci
Heather Sertial
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7200
Fax: (212) 894-7272

*Member of Plaintiffs' Executive Committee*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 16, 2016.

*/s/ Adam M. Stewart*_____
Adam M. Stewart
