## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH GODINEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALERE INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:16-cv-10766-PBS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of January 31, 2019 (the "Stipulation") is entered into between (a) Lead Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd. and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (collectively, "Glazer") and OFI Asset Management ("OFI" and together with Glazer, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendant Alere Inc. ("Alere") and Defendants Namal Nawana and James Hinrichs (collectively with Alere, "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever

---

[1] All terms with initial capitalization not otherwise defined in the body shall have the meanings ascribed to them in ¶ 1, hereto.

compromise, settle, release, resolve and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.      This instant Action was commenced on April 21, 2016 with the filing of an initial class action complaint in the United States District Court for the District of Massachusetts, styled *Judith Godinez, Individually and on Behalf of All Others Similarly Situated v. Alere Inc., Ron Zwanziger, Namal Nawana, David Teitel, James F. Hinrichs, and Carla R. Flakne*, 16-cv-10766-PBS (D. Mass.), alleging claims arising under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  On June 20, 2016, several motions seeking consolidation of *Godinez* with a related action, *Breton v. Alere Inc., Ron Zwanziger, Namal Nawana, David Teitel, James F. Hinrichs, and Carla R. Flakne*, No. 1:16-cv-10834-PBS (filed May 4, 2016), and the appointment of lead plaintiff were filed pursuant to Section 21D of the Exchange Act, in a provision added by the Private Securities Litigation Reform Act of 1995.  On July 12, 2016, the Court entered an Order:  (i) granting Glazer's motion to consolidate the actions; (ii) appointing Glazer as Lead Plaintiff; and (iii) approving Abraham, Fruchter & Twersky, LLP ("AFT") to serve as Lead Counsel and Shapiro, Haber & Urmy, LLP as liaison counsel ("Liaison Counsel").

B.      On September 23, 2016, Glazer filed and served its Consolidated Class Action Complaint for Violations of the Federal Securities Laws.  On January 4, 2017, upon leave of the Court, Glazer subsequently filed and served its Supplemental and Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), which is the operative complaint.  The Complaint asserts claims under Section 10(b) of the Exchange Act and

Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, and under Section 20(a) of the Exchange Act.

C.     On February 6, 2017, Defendants filed a Motion to Dismiss the Complaint.  After thorough briefing of the issues including the filing of a reply brief by Defendants and a sur-reply brief by Plaintiffs and a hearing on the Motion to Dismiss, the Court entered an Order on August 23, 2017:  (i) denying the motion to dismiss as to certain alleged materially false and misleading statements and omissions related to Alere's INRatio product line; (ii) granting the motion to dismiss as to all other alleged materially false or misleading statements or omissions; and (iii) dismissing all claims against Defendant Carla Flakne.

D.     On September 26, 2017, the Court entered a Scheduling Order pursuant to which, *inter alia*, document discovery among the parties was to be substantially completed by July 30, 2018.  On November 3, 2017, Defendants filed their Answer and Affirmative Defenses to the Complaint in which, among other things*,* Defendants denied that they acted with scienter.

E.     On October 2, 2017, OFI, represented by, among others, Entwistle & Cappucci LLP ("E&C"), filed a Motion to Substitute Lead Plaintiff, Co-Lead Counsel and Liaison Counsel.  After extensive briefing and a November 16, 2017 hearing on OFI's motion, Glazer and OFI filed a Joint Motion and Joint Stipulation on December 7, 2017, to add OFI as Co-Lead Plaintiff and E&C as Co-Lead Counsel.  On December 22 and December 26, 2017, respectively, the Court entered Orders allowing the Joint Motion and Joint Stipulation, withdrawing OFI's Motion to Substitute Lead Plaintiff, and appointing Glazer and OFI as Co-Lead Plaintiffs and E&C and AFT as Co-Lead Counsel ("Lead Counsel").

F.     On September 27, 2017, Lead Plaintiffs served their first set of document requests on Defendants and thereafter served subpoenas *duces tecum* on non-parties, including the U.S.

Food and Drug Administration, the U.S. Securities and Exchange Commission, multiple large corporations and financial institutions, and several individuals.  The Parties exchanged initial disclosures on October 16, 2017, pursuant to Fed. R. Civ. P. Rule 26(a)(1) as well as a separate set of initial disclosures under the Court's Local Rules.  On December 21, 2017, Defendants served their first requests for production of documents on Lead Plaintiffs. Throughout the discovery process, Defendants' Counsel and Lead Counsel participated in numerous meet and confer sessions regarding discovery and document production, resulting in Defendants and third parties producing over 550,000 pages of documents to Lead Plaintiffs, and Lead Plaintiffs producing more than 100,000 pages of documents to Defendants.

G.      Lead Counsel also fully prepared and filed Lead Plaintiffs' class certification motion, including working with their expert on a report regarding the efficiency of the market for Alere common stock.

H.      In early December 2017, the Parties discussed conducting a mediation to determine whether they could achieve a settlement of the Action.  The Parties selected as mediator the Honorable Gary A. Feess (Ret.) of Philips ADR, a former federal district court judge in the United States District Court for the Central District of California and scheduled a mediation session for early March 2018.  In advance of that session, Lead Plaintiffs and Defendants exchanged opening mediation statements on February 12, 2018 and reply mediation statements on February 26, 2018.  The detailed mediation statements, which discussed liability, class certification issues, and damages, were also submitted to Judge Feess.

I.      On March 7, 2018, Lead Counsel and Defendants' Counsel participated in a mediation session before Judge Feess.  A settlement was not ultimately reached at the mediation. However, the Parties continued to discuss a possible settlement in the months that followed.

While those discussions were ongoing:  (i) Lead Plaintiffs briefed and argued three motions to compel; (ii) Defendants conducted five depositions related to class certification, including depositions of Lead Plaintiffs and of Plaintiffs' expert; and (iii) Lead Plaintiffs noticed four depositions to occur in August of 2018.  In July 2018, the Parties determined that they were likely to reach a settlement agreement, and postponed all scheduled depositions and certain other deadlines, including further briefing on the issue of class certification to allow the Parties to focus on settlement discussions.  The Parties subsequently reached an agreement in principle to settle the Action for $20,000,000, to be paid by or on behalf of Defendants, subject to the other terms and conditions set forth in this Stipulation.  That agreement in principle to settle the Action was memorialized in a term sheet (the "Term Sheet") executed on August 31, 2018.  On that date, the Parties also filed with the Court a Joint Motion to Stay Proceedings, which the Court granted on September 5, 2018 (ECF 246).

J.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

K.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims that were raised (or that could have been raised) in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things:  (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class

will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.      This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against

the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs'

Releasees shall be settled and released, upon and subject to the terms and conditions set forth

below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof,

the following capitalized terms shall have the following meanings:

(a)      "Action" means the action styled *Judith Godinez, Individually and on*

*Behalf of All Others Similarly Situated v. Alere Inc*., *et al.*, Civil Action No. 1:16-cv-10766-PBS.

(b)      "Alere" or the "Company" means Alere Inc.

(c)      "Authorized Claimant" means a Settlement Class Member who or which

submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for

payment from the Net Settlement Fund pursuant to the terms of this Stipulation.

(d)      "Claim" means a Proof of Claim Form submitted to the Claims

Administrator.

(e)      "Claim Form" or "Proof of Claim Form" means the form, substantially in

the form attached hereto as Exhibit A-2 to Exhibit A, that a Claimant or Settlement Class Member

must complete and submit should that Claimant or Settlement Class Member seek to share in a

distribution of the Net Settlement Fund.

(f)      "Claimant" means a person or entity who or which submits a Claim Form

to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement

Fund.

(g)　　"Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)　　"Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)　　"Class Period" means the period from May 9, 2013 through October 3, 2017 inclusive.

(j)　　"Complaint" means the Supplemental and Amended Consolidated Class Action Complaint filed by Lead Plaintiffs in the Action on January 4, 2017.

(k)　　"Court" means the United States District Court for the District of Massachusetts.

(l)　　"Defendants" means Alere and the Individual Defendants.

(m)　　"Defendants' Counsel" means Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Kirkland & Ellis LLP.

(n)　　"Defendants' Releasees" means (a) Defendants, (b) the present and former parents, subsidiaries, divisions, and affiliates of Alere, (c) the present and former employees, Officers, and directors of each of them (including employees, Officers, and directors of present and former parents, subsidiaries, and affiliates of Alere), (d) the present and former attorneys, accountants, insurers, and agents of each of them, and (e) the predecessors, heirs, successors, and assigns of each of them.

(o)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(p)     "Escrow Account" means an account maintained at City National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)     "Escrow Agent" means Abraham, Fruchter & Twersky, LLP and Entwistle & Cappucci LLP.

(r)     "Escrow Agreement" means the agreement setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)     "Final," with respect to the Judgment, or any other court order, means:  (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(t)     "Immediate Family Members" means children, stepchildren, grandchildren, parents, stepparents, grandparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law,

daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(u)     "Individual Defendants" means Namal Nawana and James Hinrichs.

(v)     "Judgment" means the final judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

(w)     "Lead Counsel" means Abraham, Fruchter & Twersky, LLP and Entwistle & Cappucci LLP.

(x)     "Lead Plaintiffs" means Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd., Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 and OFI Asset Management.

(y)     "Litigation Expenses" means costs and expenses incurred in connection with investigating, commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intend to apply to the Court for reimbursement from the Settlement Fund.

(z)     "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes; (ii) any reasonable Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(aa)     "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1 to Exhibit A, which is to be mailed to Settlement Class Members.

(bb)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with:  (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(cc)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(dd)   "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ee)   "Plaintiffs' Counsel" means Lead Counsel and Liaison Counsel Shapiro Haber & Urmy LLP.

(ff)   "Plaintiffs' Releasees" means Lead Plaintiffs, their respective attorneys, and their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees and employees, in their capacities as such, and all other Settlement Class Members.

(gg)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(hh)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

11

(jj)   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(kk)   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class, or their successors, assigns, heirs, executors, administrators, representatives, attorneys, and agents, in their capacities as such:  (i) asserted in the Complaint; or (ii) could have asserted or could assert in any forum that arise out of or are based upon the acts, omissions, nondisclosures, allegations, transactions, facts, matters, occurrences, or oral or written representations or statements involved, set forth, or referred to in any pleading in this action; or (iii) could have asserted or could assert that relate to the purchase, holding, or other acquisition of publicly-traded common stock of Alere.

(ll)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(mm)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(nn)   "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(oo)   "Settlement Amount" means $20,000,000.00 in cash.   Under no circumstances will any Defendants' Releasee be responsible for any payment beyond this amount.

(pp)    "Settlement Class" means all persons and entities who purchased or otherwise acquired the publicly-traded common stock of Alere Inc. during the period from May 9, 2013 through October 3, 2017, inclusive (the "Class Period").  Excluded from the Settlement Class are Defendants, the Officers and directors of Alere at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors or assigns, corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest, and any person or entity who or which submits a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice and that is accepted by the Court.

(qq)    "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(rr)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon. The Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.

(ss)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(tt)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(uu)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying,

any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(vv)    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the Released Defendants' Claims or the Released Plaintiffs' Claims.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and by operation of the Judgment each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to:  (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.     Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement and the scheduling of a Settlement Hearing, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.     The obligations incurred pursuant to this Stipulation are in consideration of:  (i) the full and final disposition of the Action as against Defendants; (ii) the Releases provided for herein; and (iii) all other terms contained herein.

5.     Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors,

representatives, attorneys, agents and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account:

(a)     Alere shall pay or cause to be paid the Settlement Amount to be deposited into an interest-bearing Escrow Account controlled by Plaintiffs' Lead Counsel.  The Settlement Amount shall be deposited on or before thirty (30) days after the later of:  (i) the entry of an order by the Court granting preliminary approval of the Settlement, and (ii) the provision to Defendants of all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, address, account name and number, and a signed W-9 reflecting the taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.

(b)     Under no circumstances will Defendants be required to pay any more than the Settlement Amount.

### USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay:  (a) any Taxes; (b) all reasonable Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any

account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement,

and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants, all reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the reasonable actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Court approval of Notice and Administration Costs shall be required if, and only if, the cumulative amount of such costs would exceed $400,000.  In the event that the Settlement is terminated

pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after:  (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of

attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.   Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.   As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.   Other than Alere's obligation to provide its former shareholder records as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Lead Counsel in connection

with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within twenty-one (21) calendar days of the date of entry of the Preliminary Approval Order, Alere shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) shareholder lists of registered holders of Alere common stock during the Class Period, as such records were kept in the ordinary course of business.

20.     All persons and entities who or which are entitled to be Settlement Class Members shall have the right to exclude themselves, or opt out, from the Settlement Class.  Any person or entity who or which wishes to elect to opt out must submit a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice (Exhibit A-1 to Exhibit A hereto, at ¶ 51) and that is accepted by the Court. All persons or entities who or which validly opt-out shall be excluded from any and all rights and obligations under the Settlement, but those who or which do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a Proof of Claim Form.  The Claims Administrator shall make a good faith effort to provide to Defendants' Counsel and Lead Counsel copies of all exclusion requests

within one (1) business day following receipt, but in no event more than three (3) business days after receipt.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Settlement Class Member who or which does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind

against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.   No Defendant, or any other Defendants' Releasee, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, supported by such documents as are designated therein, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who or which fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any

Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning

a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

27.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. Lead Plaintiffs and Defendants each expressly waive, and all Settlement Class Members will be deemed to have waived trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.  As reflected in Exhibit B, the Parties explicitly agree to jointly request that the Court include in the Judgment a bar order constituting the final discharge of all obligations of Defendants' Releasees to any individual or entity arising out of actual or threatened liability to Plaintiffs' Releasees.  The proposed order shall bar all future claims and

claims over by any individual or entity against the Defendants' Releasees for (i) contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by the Plaintiffs in this Action, or (ii) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs' Releasees arising out of or related to the claims or allegations asserted by the Plaintiffs in this Action. The proposed bar order shall also provide that any final verdict or judgment that may be obtained by or on behalf of Plaintiffs' Releasees (collectively or separately) against Defendants' Releasees (collectively or separately) shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (ii) the amount paid by or on behalf of Defendants to Plaintiffs' Releasees (collectively or separately) for common damages.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 36 below);

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

28

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

33.      Upon the Effective Date, any and all remaining interest or right of Defendants in or to the Settlement Fund shall be extinguished and the Releases herein shall be effective.

34.      If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)      Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of August 31, 2018;

(c)      the terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 12, 14, 16, 37, 50, 51, 52 and 57, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d)      within thirty (30) days after written notification of termination is sent to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less reasonable Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants and/or any entity that paid any portion of the Settlement Amount (or

such other persons or entities as Defendants may direct in writing). In the event that the funds received by Lead Counsel consistent with ¶ 16 are not timely refunded to the Settlement Fund as specified in ¶ 16, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account as required in ¶ 16.

35.     It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree, and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to the other Parties to this Stipulation within thirty (30) days of:  (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being

executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

## <u>NO ADMISSION OF WRONGDOING</u>

37.     Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability, violation of law, or damages, and are entering into the Stipulation, and any other ancillary agreements for settlement to eliminate the burden and expense of further litigation.  Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be deemed an admission of the validity or infirmity of any claim or allegation against any Defendant, or the liability or non-liability of any Defendant;

(b)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any

way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c)  shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d)  shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

38.  All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

39.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

40.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34.

41.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended

by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Gary A. Feess (Ret.) of Phillips ADR, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

42.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any of the Parties concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

43.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing, among other things, for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

46.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

50.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the

internal laws of the State of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

51.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

52.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

53.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

54.     Lead Counsel and Defendants' Counsel agree to cooperate in good faith with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

55.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:    Abraham, Fruchter & Twersky, LLP
Attn:  Jeffrey S. Abraham, Esq.
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone:  (212) 279-5050
Facsimile:  (212) 279-3655
Email:  jabraham@aftlaw.com

and

Entwistle & Cappucci LLP
Attn:  Vincent R. Cappucci, Esq.
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
Email:  vcappucci@entwistle-law.com


If to Defendants:    Kirkland & Ellis LLP
Attn: Brenton A. Rogers
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:  brogers@kirkland.com

and

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn:  Richard A. Rosen, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3305
Facsimile: (212) 492-0305
Email:  rrosen@paulweiss.com

56.    Except as otherwise provided herein, each Party shall bear its own costs.

57.    Whether or not the Stipulation is approved by the Court and whether or not the

Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.  The Parties agree that, unless required by law, no press release or public statements in connection with the Settlement may be made without the approval of counsel for all Parties, which approval shall not be unreasonably withheld.  Any Party intending to issue a press release or public statement in connection with the Settlement, even if required by law, shall provide a draft of such statement to counsel for the other Party at least twenty-four (24) hours in advance of making such statement.

58.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information (including but not limited to the Stipulation and Protective Order [ECF 118]) shall survive this Settlement.  Within thirty days of the Effective Date, the Parties shall return all materials and information exchanged in discovery in this Action, except for materials integrated within counsel's work product (the confidentiality of which shall be maintained), and shall certify their compliance with this provision.

59.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 31, 2019.

**ABRAHAM, FRUCHTER**
**& TWERSKY, LLP**

By: _____
    Jeffrey S. Abraham, Esq.
One Penn Plaza, Suite 2805
New York, NY 10119
Telephone:  (212) 279-5050
Facsimile:  (212) 279-3655
Email:  jabraham@aftlaw.com

**ENTWISTLE & CAPPUCCI LLP**

By: _____
    Vincent R. Cappucci, Esq.
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7200
Facsimile:  (212) 894-7272
Email:  vcappucci@entwistle-law.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**Kirkland & Ellis LLP**

By: _____
    Brenton A. Rogers
300 N. LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:  brogers@kirkland.com

**Paul, Weiss, Rifkind, Wharton & Garrison**
**LLP**

By: _____
    Richard A. Rosen, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3305
Facsimile:  (212) 492-0305
Email:  rrosen@paulweiss.com

*Counsel for Defendants*

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of January 31, 2019.

**ABRAHAM, FRUCHTER**              **ENTWISTLE & CAPPUCCI LLP**
**& TWERSKY, LLP**

By: _____         By: _____
   Jeffrey S. Abraham, Esq.                 Vincent R. Cappucci, Esq.
One Penn Plaza, Suite 2805            299 Park Avenue, 20th Floor
New York, NY 10119                   New York, NY 10171
Telephone: (212) 279-5050            Telephone: (212) 894-7200
Facsimile: (212) 279-3655            Facsimile: (212) 894-7272
Email: jabraham@aftlaw.com           Email: vcappucci@entwistle-law.com

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

**Kirkland & Ellis LLP**                  **Paul, Weiss, Rifkind, Wharton & Garrison LLP**

By: _____         By: _____*Richard A. Rosen*/BAR___
   Brenton A. Rogers                       Richard A. Rosen, Esq.
300 N. LaSalle                       1285 Avenue of the Americas
Chicago, IL 60654                    New York, NY 10019
Telephone: (312) 862-2000            Telephone: (212) 373-3305
Facsimile: (312) 862-2200            Facsimile: (212) 492-0305
Email: brogers@kirkland.com          Email: rrosen@paulweiss.com

*Counsel for Defendants*