# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH GODINEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALERE INC., *et al.*,<br><br>Defendants. | Civil Action No. 1:16-cv-10766-PBS |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court styled *Judith Godinez, Individually and on Behalf of All Others Similarly Situated, v. Alere Inc., Ron Zwanziger, Namal Nawana, David Teitel, James F. Hinrichs, and Carla R. Flakne,* 16-cv-10766-PBS (the "Action");

WHEREAS, (a) Lead Plaintiffs Glazer Capital Management, L.P., Glazer Enhanced Fund L.P., Glazer Enhanced Offshore Fund, Ltd., Glazer Offshore Fund, Ltd. and Highmark Limited, in respect of its Segregated Account Highmark Multi-Strategy 2 (collectively, "Glazer") and OFI Asset Management ("OFI" and together with Glazer, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Alere Inc. ("Alere"), Namal Nawana ("Nawana") and James Hinrichs ("Hinrichs") ("Defendants," and collectively with Lead Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and

conditions set forth in the Stipulation and Agreement of Settlement dated January 31, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only and allowing notice to be provided to Settlement Class Members;

WHEREAS, the Court has read and considered:  (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Class Certification for Settlement Purposes Only** – Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired the publicly-traded common stock of Alere during the period from May 9, 2013 through October 3, 2017, inclusive (the "Class Period").  Excluded from the Settlement Class are Defendants, the Officers and directors of Alere at all relevant times, their Immediate Family Members and their legal representatives, heirs, successors or assigns, corporate parents and/or affiliates and any entity in which any of the above have or had a controlling interest.  Also excluded from the Settlement Class shall be any persons or entities who or which elect to be excluded from the Settlement Class by submitting a request for

exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice and that is accepted by the Court.

      2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

      3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

      4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

      5.    **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _June 6_ , 2019 at _2_ :_pm_.m. in Courtroom 19 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 19, 7th Floor, Boston, Massachusetts

02210 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within twenty-one (21) calendar days of the date of entry of this Order (which date of entry shall be the "Notice Date"), Alere shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims

4

Administrator) shareholder lists of registered holders of Alere common stock during the Class

Period as such records were kept in the ordinary course of business;

(b)     not later than forty-two (42) calendar days after the Notice Date, the

Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the

forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed

by first-class mail to potential Settlement Class Members at the addresses set forth in the records

provided by Alere or in the records which Alere caused to be provided, or who otherwise may be

identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims

Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to

be developed for the Settlement, from which copies of the Notice and Claim Form can be

downloaded;

(d)     not later than fourteen (14) calendar days after the Notice Date, the Claims

Administrator shall cause the Summary Notice, substantially in the form attached hereto as

Exhibit A-3, to be published once in *The Wall Street Journal*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing,

Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

declaration, of such mailing of the Notice Packet and publication of the Summary Notice.

8.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form

and content, the Notice, the Claim Form, and the Summary Notice attached hereto as Exhibits A-

1, A-2 and A-3, and (b) finds that the mailing and distribution of the Notice and Claim Form and

the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this

Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of the Plan of Allocation, of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased Alere common stock during the Class Period for the benefit of another person or entity shall either:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners on whose behalf they purchased or acquired Alere common stock during the Class Period to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable

6

expenses actually incurred in complying with this Order by providing the Claims Administrator

with proper documentation supporting the expenses for which reimbursement is sought.  Such

properly documented expenses incurred by nominees in compliance with the terms of this Order

shall be paid from the Settlement Fund, with any disputes as to the reasonableness or

documentation of expenses incurred subject to review by the Court.

        10.    **Participation in the Settlement** – Settlement Class Members who wish to

participate in the Settlement and to be eligible to receive a distribution from the Net Settlement

Fund must complete and submit a Claim Form in accordance with the instructions contained

therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than

one hundred twenty (120) calendar days after the Notice Date.[1]  Each Proof of Claim shall be

deemed to have been submitted when legibly postmarked (if properly addressed and mailed by

first class mail) provided such Proof of Claim is received before the filing of a motion for an

Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim

submitted in any other manner shall be deemed to have been submitted when it was received by

the Claims Administrator at the address designated in the Notice.  Notwithstanding the

foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided

such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement

Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the

jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the

Settlement.

        11.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be

properly completed, signed and submitted in a timely manner in accordance with the provisions

---

[1] Electronically submitted information will be considered "postmarked" on the date it is received by the Claims Administrator.

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     The Claims Administrator shall determine whether each timely submitted claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court.

13.     Any Settlement Class Member that does not timely and validly submit a Claim

Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have

waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from

participating in any distributions therefrom; (c) shall be bound by the provisions of the

Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the

Action relating thereto, including, without limitation, the Judgment and the Releases provided

for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from

commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and

all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in

paragraph 10 above.

14.     **Exclusion from the Settlement Class** – Any member of the Settlement Class

who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion

in writing within the time and in the manner set forth in the Notice, which shall provide that:

(a) any such request for exclusion from the Settlement Class must be mailed or delivered such

that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, to:

*Judith Godinez v. Alere Inc., et al.*  EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173055,

Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and

telephone number of the person or entity requesting exclusion, and in the case of entities, the

name and telephone number of the appropriate contact person; (ii) state that such person or entity

"requests exclusion from the Settlement Class in *Judith Godinez v. Alere Inc., et al.,* Civil Action

No. 1:16-cv-10766-PBS"; (iii) state the number of shares of Alere common stock that the person

or entity requesting exclusion purchased/acquired and sold during the Class Period, as well as the

dates and prices of each such purchase/acquisition and sale, and provide documentary proof of each purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative under penalty of perjury. A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above or is otherwise accepted by the Court.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including without limitation the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his,

10

her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than thirty (30) calendar days prior to the Settlement Hearing.

11

**Lead Counsel**

Abraham, Fruchter & Twersky, LLP
Jeffrey S. Abraham
One Penn Plaza, Suite 2805
New York, NY 10119

Entwistle & Cappucci LLP
Vincent R. Cappucci
299 Park Avenue, 20th Floor
New York, NY 10171

**Defendants' Counsel**

Kirkland & Ellis LLP
Brenton A. Rogers
300 North LaSalle
Chicago, IL 60654

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Richard A. Rosen
1285 Avenue of the Americas
New York, NY 100019

19.     Any objections, filings and other submissions by the objecting Settlement Class Member must: (a) state the name, address and telephone number of the person or entity objecting and be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Alere common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

20.     Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and

12

shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy

of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation

Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the

requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the

Court stays all proceedings in the Action other than proceedings necessary to carry out or

enforce the terms and conditions of the Stipulation.  Pending final determination of whether the

Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members

of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs'

Claims against each and all of the Defendants' Releasees.

22.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred

in identifying Settlement Class Members and notifying them of the Settlement as well as in

administering the Settlement shall be paid as set forth in the Stipulation without further order of

the Court.

23.     **Settlement Fund** – The contents of the Settlement Fund held by AFT and E&C

(which the Court approves as the Escrow Agent), shall be deemed and considered to be *in*

*custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and

any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement

Fund any Taxes owed with respect to the Settlement Fund and to otherwise perform all

obligations with respect to Taxes and any reporting or filings in respect thereof without further

order of the Court in a manner consistent with the provisions of the Stipulation.  For the

avoidance of doubt, Lead Counsel may exercise their prerogatives and fulfil their obligations pursuant to this paragraph through a representative so authorized by Lead Counsel.

25.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 31, 2018, as provided in the Stipulation.

26.   All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any reasonable amounts actually and properly disbursed from the Settlement Fund.

27.   **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation or any related agreements, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be:  (a) deemed an admission of the validity or infirmity of any claim or allegation against any Defendant, or the liability or non-liability of any Defendant; (b) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by

14

any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs

or the validity of any claim that was or could have been asserted or the deficiency of any defense

that has been or could have been asserted in this Action or in any other litigation, or of any

liability, negligence, fault or other wrongdoing of any kind of any of the Defendants' Releasees

or in any way referred to for any other reason as against any of the Defendants' Releasees, in any

civil, criminal or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; (c) offered against any of the Plaintiffs'

Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption,

concession or admission by any of the Plaintiffs' Releasees that any of their claims are without

merit, that any of the Defendants' Releasees had meritorious defenses, or that damages

recoverable under the Complaint would not have exceeded the Settlement Amount or with

respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for

any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to

effectuate the provisions of the Stipulation; or (d) construed against any of the Releasees as an

admission, concession or presumption that the consideration to be given under the Settlement

represents the amount which could be or would have been recovered after trial; *provided,*

*however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their

respective counsel may refer to it to effectuate the protections from liability granted thereunder

or otherwise to enforce the terms of the Settlement.

28.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in

support of the proposed Settlement, the Plan of Allocation and Lead Counsel's motion for an

award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35)

15

calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served

no later than seven (7) calendar days prior to the Settlement Hearing.

29.     **Computing Time** – For the avoidance of doubt, Fed. R. Civ. P. 6(a)(1) shall

apply with respect to all deadlines imposed by this order, and "calendar days" shall be construed

as "days" for this purpose.  Rule 6(a)(1) provides:

> (1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a
> longer unit of time:
>      (A) exclude the day of the event that triggers the period;
>      (B) count every day, including intermediate Saturdays, Sundays, and legal
>      holidays; and
>      (C) include the last day of the period, but if the last day is a Saturday,
>      Sunday, or legal holiday, the period continues to run until the end of the
>      next day that is not a Saturday, Sunday, or legal holiday.

30.     The Court retains jurisdiction to consider all further applications arising out of or

connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2019.



Hon. Patti B. Saris
Chief United States District Judge